# INDEX OF EXHIBITS

| Exhibit | Document | Page |
|---------|----------|------|
| A. | Original Complaint | 1 |
| B. | Summons | 60 |
| C. | Civil Cover Sheet | 61 |
| D. | Notice of Case Assignment | 62 |
| E. | Form of Stipulation to Use ADR | 63 |
| F. | Answer to Complaint | 66 |

# EXHIBIT   A

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
   Attorneys for Plaintiff
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/26/2020** at 08:00:00 AM

Clerk of the Superior Court
By Erika Engel,Deputy Clerk

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **IN AND FOR THE COUNTY OF SAN DIEGO**

10  ISMAEL ORTEGA, on behalf of the State      Case No. 37-2020-00015529-CU-OE-CTL
    of California, as a private attorney general,
11                                             **REPRESENTATIVE ACTION**
                                               **COMPLAINT FOR:**
12              Plaintiff,

13  vs.                                        1. Civil Penalties Pursuant to Labor Code
                                               § 2699, *et seq*. for violations of Labor
14  LOYAL SOURCE GOVERNMENT                    Code §§ 201, 202, 203, 204, 210, 226(a),
    SERVICES LLC, a Limited Liability          226.7, 510, 512, 558(a)(1)(2), 1194, 1197,
15  Company; and Does 1 through 50,            1197.1, 1198, 2802.
    Inclusive;
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
                                    1
                     REPRESENTATIVE ACTION COMPLAINT

EXHIBIT  A
PAGE 1

Plaintiff Ismael Ortega ("PLAINTIFF"), on behalf of the people of the State of California and as an "aggrieved employee" acting as a private attorney general under the Labor Code Private Attorney General Act of 2004, § 2699, *et seq.* ("PAGA") only, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## **INTRODUCTION**

1. PLAINTIFF brings this action against Defendant Loyal Source Government Services LLC ("DEFENDANT") seeking only to recover <u>PAGA civil penalties</u> for himself, and on behalf of all current and former aggrieved employees that worked for DEFENDANT. PLAINTIFF does **not seek to recover anything other than penalties as permitted by California Labor Code § 2699**. To the extent that statutory violations are mentioned for wage violations, PLAINTIFF does not seek underlying general and/or special damages for those violations, but simply the civil penalties permitted by California Labor Code § 2699.

2. California has enacted the PAGA to permit an individual to bring an action on behalf of himself and on behalf of others for PAGA penalties *only*, which <u>is the precise and sole nature of this action</u>.

3. Accordingly, PLAINTIFF seeks to obtain all applicable relief for DEFENDANT's violations under PAGA and solely for the relief as permitted by PAGA – that is, penalties and any other relief the Court deems proper pursuant to the PAGA. Nothing in this complaint should be construed as attempting to obtain any relief that would not be available in a PAGA-only action.

## **THE PARTIES**

4. Defendant Loyal Source Government Services LLC ("DEFENDANT") is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

5. DEFENDANT is a staffing company that offers health care, human resources, IT

1 and engineering services.

2     6.    PLAINTIFF was employed by DEFENDANT in California as a non-exempt

3 employee entitled to overtime pay and meal and rest periods from June of 2019 to December

4 of 2019. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT

5 as a non-exempt employee paid in whole or in part on an hourly basis and received additional

6 compensation from DEFENDANT in the form of non-discretionary incentive wages, including,

7 but not limited to, performance bonus wages.

8     7.    PLAINTIFF, and such persons that may be added from time to time who satisfy

9 the requirements and exhaust the administrative procedures under the Private Attorney General

10 Act, brings this Representative Action on behalf of the State of California with respect to

11 himself and all individuals who worked for DEFENDANT in California and who were

12 classified as non-exempt employees ("AGGRIEVED EMPLOYEES") during the time period

13 of January 28, 2019 until a date as determined by the Court (the "PAGA PERIOD").

14     8.    PLAINTIFF, on behalf of himself and all AGGRIEVED EMPLOYEES presently

15 or formerly employed by DEFENDANT during the PAGA PERIOD, brings this representative

16 action pursuant to Labor Code § 2699, *et seq*. seeking fixed civil penalties for DEFENDANT's

17 violation of California Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512,

18 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, and the applicable Wage Order(s). Based upon

19 the foregoing, PLAINTIFF and all AGGRIEVED EMPLOYEES are aggrieved employees

20 within the meaning of Labor Code § 2699, *et seq*.

21     9.    The true names and capacities, whether individual, corporate, subsidiary,

22 partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

23 unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant

24 to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege

25 the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.

26 PLAINTIFF is informed and believes, and based upon that information and belief alleges, that

27 the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are

28

responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

10. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other AGGRIEVED EMPLOYEES, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

11. During the PAGA PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other AGGRIEVED EMPLOYEES for their minimum and overtime wages. DEFENDANT unlawfully and unilaterally failed to accurately calculate minimum and overtime wages for time worked by PLAINTIFF and other AGGRIEVED EMPLOYEES in order to avoid paying these employees the correct compensation. As a result, PLAINTIFF and the other AGGRIEVED EMPLOYEES forfeited wages due them for working without compensation at the correct minimum wage and overtime rates. DEFENDANT's policy and practice to not pay the AGGRIEVED EMPLOYEES the correct compensation for all time worked in accordance with applicable law is evidenced by DEFENDANT's business records. This policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.

12. During the PAGA PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other AGGRIEVED EMPLOYEES for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders,

DEFENDANT is required to pay PLAINTIFF and other AGGRIEVED EMPLOYEES for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. Specifically, DEFENDANT required PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments. Indeed there were days where PLAINTIFF did not even receive a partial lunch. As a result, PLAINTIFF and other AGGRIEVED EMPLOYEES forfeited minimum wage and overtime compensation by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates. To the extent that the time worked off the clock did not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

13. State and federal law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other AGGRIEVED EMPLOYEES were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

14. The second component of PLAINTIFF's and other AGGRIEVED EMPLOYEES' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other AGGRIEVED EMPLOYEES incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other AGGRIEVED EMPLOYEES, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the

incentive compensation received by PLAINTIFF and other AGGRIEVED EMPLOYEES must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation to PLAINTIFF and other AGGRIEVED EMPLOYEES by DEFENDANT.

15. In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT intentionally and knowingly failed to compensate PLAINTIFF and the other AGGRIEVED EMPLOYEES at the correct rate of pay for all overtime worked. This policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the AGGRIEVED EMPLOYEES against DEFENDANT, the PAGA PERIOD should be adjusted accordingly.

16. As a result of their rigorous work schedules, PLAINTIFF and other AGGRIEVED EMPLOYEES were from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other AGGRIEVED EMPLOYEES were from time to time required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and AGGRIEVED EMPLOYEES with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other AGGRIEVED EMPLOYEES therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

17. During the PAGA PERIOD, PLAINTIFF and other AGGRIEVED EMPLOYEES were from time to time also required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and

REPRESENTATIVE ACTION COMPLAINT

second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  PLAINTIFF and other AGGRIEVED EMPLOYEES were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other AGGRIEVED EMPLOYEES were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back.  Here, DEFENDANT's policy restricted PLAINTIFF and other AGGRIEVED EMPLOYEES from unconstrained walks and was unlawful based on Defendant's rule which stated PLAINTIFF and other AGGRIEVED EMPLOYEES could not leave the work premises during their rest period.

18.     Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  DEFENDANT from time to time failed to provide to PLAINTIFF and the AGGRIEVED EMPLOYEES wage statements that identify the correct gross and net wages earned, the applicable number of hours worked and rates of pay.  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF and other AGGRIEVED EMPLOYEES an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*.

19.     DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other AGGRIEVED EMPLOYEES for required business expenses incurred by the PLAINTIFF and other AGGRIEVED EMPLOYEES in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

20.     In the course of their employment PLAINTIFF and other AGGRIEVED EMPLOYEES as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other AGGRIEVED EMPLOYEES were required by DEFENDANT to use their personal cellular phones to for work related issues.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other AGGRIEVED EMPLOYEES incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

21.     By reason of this conduct applicable to PLAINTIFF and all AGGRIEVED EMPLOYEES, DEFENDANT engaged in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other AGGRIEVED EMPLOYEES.   The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly

calculate and/or pay all required overtime compensation for work performed by the AGGRIEVED EMPLOYEES and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

22.     All of the conduct and violations alleged herein occurred during the PAGA PERIOD. To the extent that any of the conduct and violations alleged herein did not affect PLAINTIFF during the PAGA PERIOD, PLAINTIFF seeks penalties for those violations that affected other AGGRIEVED EMPLOYEES pursuant to *Carrington v. Starbucks Corp*. 2018 AJDAR 12157 (Certified for Publication 12/19/18).

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10.

24.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against PLAINTIFF and the AGGRIEVED EMPLOYEES.

## FIRST CAUSE OF ACTION

**For Violation of the Private Attorneys General Act**

**[Cal. Lab. Code §§ 2698, *et seq*.]**

**(By PLAINTIFF and Against All Defendants)**

25.     PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1-24, supra, as though fully set forth at this point.

26.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private

parties. The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

27. PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to himself and all individuals who worked for DEFENDANT in California and were classified as non-exempt employees (the "AGGRIEVED EMPLOYEES") during the time period of January 28, 2019 until a date as determined by the Court (the "PAGA PERIOD").

28. On January 28, 2020, PLAINTIFF gave written notice by electronic mail to the Labor and Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. *See* **Exhibit #1**, attached hereto and incorporated by this reference herein. The statutory waiting period for PLAINTIFF to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

29. The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the other AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed to pay overtime wages, (d) failed to pay minimum wages, (e) failed to provide wages when due, and (f) failed to reimburse employees for required expenses, all in violation of the applicable Labor Code sections listed in Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194,

1  1197, 1197.1, 1198, 2802, and the applicable Industrial Wage Order(s), and thereby gives rise

2  to civil penalties as a result of such conduct.[1] PLAINTIFF hereby seeks recovery of only civil

3  penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the

4  representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and

5  the other AGGRIEVED EMPLOYEES.

6

7                                    **PRAYER FOR RELIEF**

8        WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

9  severally, as follows:

10       1.    On behalf of the State of California and with respect to all AGGRIEVED

11             EMPLOYEES:

12             A)    Recovery of civil penalties as prescribed by the Labor Code Private

13  Attorneys General Act of 2004; and,

14             B)    An award of attorneys' fees and cost of suit, as allowable under the

15  law, including, but not limited to, pursuant to Labor Code §2699.

16

17  Dated: April 10, 2020              **BLUMENTHAL NORDREHAUG BHOWMIK**
                                       **DE BLOUW LLP**
18

19

20                                     By:    */s/ Norman Blumenthal*
                                             Norman B. Blumenthal
21                                           Attorneys for Plaintiff

22

23

24

25

26  _____

27      [1]Plaintiff specifically excludes and/or does not allege any claims under California Labor
    Code §558(a)(3).
28
                                              11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# **<u>EXHIBIT 1</u>**

22
23
24
25
26
27
28

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**

San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:                                                                                    WRITERS EXT:
**Nick@bamlawca.com**                                                                              **1004**

January 28, 2020
CA2065

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

| | |
|---|---|
| Labor and Workforce Development Agency | Loyal Source Government Services LLC |
| Online Filing | Certified Mail # 70192280000189178366 |
| | Registered Agent Solutions, Inc. |
| | 1220 S Street, Suite 150 |
| | Sacramento, CA 95811 |

      Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

      "Aggrieved Employees" refers to all individuals who are or previously were employed by Defendant Loyal Source Government Services LLC in California and classified as non-exempt employees during the time period of January 28, 2019 until a date as determined by the Court. Our offices represent Plaintiff Ismael Ortega ("Plaintiff"), and other Aggrieved Employees in a lawsuit against Defendant Loyal Source Government Services LLC ("Defendant"). Plaintiff was employed by Defendant in California from June of 2019 to December of 2019 as a non-exempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control. Defendant, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for all of their time worked, including minimum and overtime wages, and for all of their missed meal and rest breaks. Plaintiff further contends that Defendant failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). Additionally, Plaintiff contends that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began and ended each shift and meal period. Said conduct, in addition to the foregoing, as well as the conduct alleged in the incorporated Complaint, violates Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2699, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Relations Accounting unit with an identification of the Plaintiff, the Defendant and the notice. The lawsuit consists of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all Aggrieved Employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox (NBB)\Pending Litigation\Loyal Source Government Services - Ortega\l-paga-01.wpd

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
   Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| ISMAEL ORTEGA, an individual, on behalf of himself and on behalf of all persons similarly situated, | Case No._____ |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| LOYAL SOURCE GOVERNMENT SERVICES LLC, a Limited Liability Company; and Does 1 through 50, Inclusive; | 2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br>3. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| Defendants. | 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br>8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203. |
| | **DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

**EXHIBIT A**

**PAGE 15**

1      Plaintiff Ismael Ortega ("PLAINTIFF"), an individual, on behalf of himself and all other

2 similarly situated current and former employees, alleges on information and belief, except for

3 his own acts and knowledge which are based on personal knowledge, the following:

4

5                               **THE PARTIES**

6       1.    Defendant Loyal Source Government Services LLC ("DEFENDANT") is a

7 limited liability company that at all relevant times mentioned herein conducted and continues

8 to conduct substantial and regular business throughout California.

9       2.    DEFENDANT is a staffing company that offers health care, human resources, IT

10 and engineering services.

11       3.    PLAINTIFF was employed by DEFENDANT in California as a non-exempt

12 employee entitled to overtime pay and meal and rest periods from June of 2019 to December

13 of 2019. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT

14 as a non-exempt employee paid in whole or in part on an hourly basis and received additional

15 compensation from DEFENDANT in the form of non-discretionary incentive wages, including,

16 but not limited to, performance bonus wages

17       4.    PLAINTIFF brings this Class Action on behalf of himself and a California class,

18 defined as all individuals who are or previously were employed by DEFENDANT in California

19 and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

20 period beginning on the date four (4) years prior to the filing of this Complaint and ending on

21 the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

22 controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

23 dollars ($5,000,000.00).

24       5.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

25 CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

26 the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice

27 which failed to lawfully compensate these employees for all their overtime worked.

28

DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

**THE CONDUCT**

2      8.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

3 to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

4 CLASS for their minimum and overtime wages. DEFENDANT unlawfully and unilaterally

5 failed to accurately calculate minimum and overtime wages for time worked by PLAINTIFF and

6 other members of the CALIFORNIA CLASS in order to avoid paying these employees the

7 correct compensation. As a result, PLAINTIFF and the other members of the CALIFORNIA

8 CLASS forfeited wages due them for working without compensation at the correct minimum

9 wage and overtime rates. DEFENDANT's uniform policy and practice to not pay the members

10 of the CALIFORNIA CLASS the correct compensation for all time worked in accordance with

11 applicable law is evidenced by DEFENDANT's business records. This uniform policy and

12 practice of DEFENDANT was intended to purposefully avoid the payment of the correct

13 compensation as required by California law which allowed DEFENDANT to illegally profit and

14 gain an unfair advantage over competitors who complied with the law.

15      9.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately

16 record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount

17 of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders,

18 DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for

19 all time worked, meaning the time during which an employee was subject to the control of an

20 employer, including all the time the employee was permitted or suffered to permit this work.

21 DEFENDANT required these employees to work off the clock without paying them for all the

22 time they were under DEFENDANT's control. Specifically, DEFENDANT required

23 PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty

24 meal break. PLAINTIFF was from time to time interrupted by work assignments. Indeed there

25 were days where PLAINTIFF did not even receive a partial lunch. As a result, PLAINTIFF and

26 other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation

27 by working without their time being accurately recorded and without compensation at the

28

applicable minimum wage and overtime rates. To the extent that the time worked off the clock did not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

10. State and federal law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

11. The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

12. In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required

by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

13. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were from time to time required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

14. During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time also required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related

6

duties and free from employer control.  In so doing, the Court held that the requirement under
California law that employers authorize and permit all employees to take rest period means that
employers must relieve employees of all duties and relinquish control over how employees
spend their time which includes control over the locations where employees may take their rest
period.  Employers cannot impose controls that prohibit an employee from taking a brief walk -
five minutes out, five minutes back.   Here, DEFENDANT's uniform policy restricted
PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and was
unlawful based on Defendant's rule which stated PLAINTIFF and other CALIFORNIA CLASS
Members could not leave the work premises during their rest period.

15.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her
employees with an accurate itemized wage statement in writing showing, among other things,
gross wages earned and all applicable hourly rates in effect during the pay period and the
corresponding amount of time worked at each hourly rate.  DEFENDANT from time to time
failed to provide to PLAINTIFF and the CALIFORNIA CLASS wage statements that identify
the correct gross and net wages earned, the applicable number of hours worked and rates of pay.
Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to
PLAINTIFF and other CALIFORNIA CLASS members an itemized wage statement that lists
all the requirements under California Labor Code 226 *et seq*.

16.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify
PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses
incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence
of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section
2802, employers are required to indemnify employees for all expenses incurred in the course
and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall
indemnify his or her employee for all necessary expenditures or losses incurred by the employee
in direct consequence of the discharge of his or her duties, or of his or her obedience to the
directions of the employer, even though unlawful, unless the employee, at the time of obeying

CLASS ACTION COMPLAINT

1    the directions, believed them to be unlawful."

2        17.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

3    Members as a business expense, were required by DEFENDANT to use their own personal

4    cellular phones as a result of and in furtherance of their job duties as employees for

5    DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

6    associated with the use of their personal cellular phones for DEFENDANT's benefit.

7    Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

8    DEFENDANT to use their personal cellular phones to for work related issues.  As a result, in

9    the course of their employment with DEFENDANT, PLAINTIFF and other members of the

10   CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

11   limited to, costs related to the use of their personal cellular phones all on behalf of and for the

12   benefit of DEFENDANT.

13       18.    By reason of this uniform conduct applicable to PLAINTIFF and all

14   CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

15   violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

16   (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

17   calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other

18   CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime hour

19   rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of

20   the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

21   required overtime compensation for work performed by the members of the CALIFORNIA

22   CLASS and violated the California Labor Code and regulations promulgated thereunder as

23   herein alleged.

24       19.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to

25   him in the form of two components.  One component of PLAINTIFF's compensation was a

26   base hourly wage.   The second component of PLAINTIFF's compensation were non-

27   discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFF

28

8

met certain predefined performance requirements. PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout his employment with DEFENDANT and DEFENDANT paid PLAINTIFF the non-discretionary incentive wages. During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout his employment with DEFENDANT. The incentive compensation paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of pay." PLAINTIFF was also from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period from time to time in which he was required by DEFENDANT to work ten (10) hours of work. PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. DEFENDANT also provided PLAINTIFF with a pay stub that failed to accurately display PLAINTIFF's correct rates of overtime pay and payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation still owed to him or any penalty wages owed to him under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## **JURISDICTION AND VENUE**

20. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

CLASS ACTION COMPLAINT

action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

21.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## THE CALIFORNIA CLASS

22.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

23.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

24.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays",  and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare

10

Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

25. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

26. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the incentive compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT. DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

27.     At no time during the CALIFORNIA CLASS PERIOD was the compensation for
any member of the CALIFORNIA CLASS properly recalculated so as to compensate the
employee for all overtime worked at the applicable rate, as required by California Labor Code
§§ 204 and 510, *et seq.*  At no time during the CALIFORNIA CLASS PERIOD was the
overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so
as to include all earnings in the overtime compensation calculation as required by California
Labor Code §§ 510, *et seq.*

28.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA
CLASS Members is impracticable.

29.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under
California law by:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code
§§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in
place company policies, practices and procedures that failed to pay all
minimum and overtime wages due the CALIFORNIA CLASS for all time
worked, and failed to accurately record the applicable rates of all overtime
worked by the CALIFORNIA CLASS;

(b)     Committing an act of unfair competition in violation of the California
Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
unlawfully, unfairly, and/or deceptively having in place a company policy,
practice and procedure that failed to correctly calculate overtime
compensation due to PLAINTIFF and the members of the CALIFORNIA
CLASS;

(c)     Committing an act of unfair competition in violation of the California
Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et
seq.*, by failing to pay the correct federal overtime wages to the

12

| | | |
|---|---|---|
| 1 | | PLAINTIFF and the members of the CALIFORNIA CLASS as legally |
| 2 | | required by the FLSA, and retaining the unpaid federal overtime to the |
| 3 | | benefit of DEFENDANT.; |
| 4 | (d) | Committing an act of unfair competition in violation of the California |
| 5 | | Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by |
| 6 | | failing to provide mandatory meal and/or rest breaks to PLAINTIFF and |
| 7 | | the CALIFORNIA CLASS members; and, |
| 8 | (e) | Committing an act of unfair competition in violation of the California |
| 9 | | Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by |
| 10 | | violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and |
| 11 | | the CALIFORNIA CLASS members with necessary expenses incurred in |
| 12 | | the discharge of their job duties. |

30.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was subjected to the uniform employment practices of DEFENDANT and was a non-exempt employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and

policy which fails to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically underpays overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

31. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2) Adjudication with respect to individual members of the

14

CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be

15

avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

32. This Court should permit this action to be maintained as a Class Action pursuant

CLASS ACTION COMPLAINT

EXHIBIT A

PAGE 30

1   to Cal. Code of Civ. Proc. § 382 because:

2       (a)   The questions of law and fact common to the CALIFORNIA CLASS
3             predominate over any question affecting only individual CALIFORNIA
4             CLASS Members because the DEFENDANT's employment practices are
5             uniform and systematically applied with respect to the CALIFORNIA
6             CLASS;

7       (b)   A Class Action is superior to any other available method for the fair and
8             efficient adjudication of the claims of the members of the CALIFORNIA
9             CLASS because in the context of employment litigation a substantial
10            number of individual CALIFORNIA CLASS Members will avoid
11            asserting their rights individually out of fear of retaliation or adverse
12            impact on their employment;

13      (c)   The members of the CALIFORNIA CLASS are so numerous that it is
14            impractical to bring all members of the CALIFORNIA CLASS before the
15            Court;

16      (d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be
17            able to obtain effective and economic legal redress unless the action is
18            maintained as a Class Action;

19      (e)   There is a community of interest in obtaining appropriate legal and
20            equitable relief for the acts of unfair competition, statutory violations and
21            other improprieties, and in obtaining adequate compensation for the
22            damages and injuries which DEFENDANT's actions have inflicted upon
23            the CALIFORNIA CLASS;

24      (f)   There is a community of interest in ensuring that the combined assets of
25            DEFENDANT are sufficient to adequately compensate the members of
26            the CALIFORNIA CLASS for the injuries sustained;

27      (g)   DEFENDANT has acted or refused to act on grounds generally applicable

28

CLASS ACTION COMPLAINT

to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

33. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

34. PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

35. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime

CLASS ACTION COMPLAINT

compensation for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

36.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

37.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

38.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

     (a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

     (b)     Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

     (c)     Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

1    (d)    Whether DEFENDANT failed to provide PLAINTIFF and the other

2    members of the CALIFORNIA LABOR SUB-CLASS with legally

3    required uninterrupted thirty (30) minute meal breaks and rest periods;

4    (e)    Whether DEFENDANT failed to provide PLAINTIFF and the other

5    members of the CALIFORNIA LABOR SUB-CLASS with accurate

6    itemized wage statements;

7    (f)    Whether DEFENDANT has engaged in unfair competition by the

8    above-listed conduct;

9    (g)    The proper measure of damages and penalties owed to the members of the

10    CALIFORNIA LABOR SUB-CLASS; and,

11    (h)    Whether DEFENDANT's conduct was willful.

12    39.    DEFENDANT, as a matter of company policy, practice and procedure, failed to

13 accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS

14 Members and failed to provide accurate records of the applicable overtime rates for the

15 overtime worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS

16 Members, including PLAINTIFF, were non-exempt employees who were paid on an hourly

17 basis by DEFENDANT according to uniform and systematic company procedures as alleged

18 herein above. This business practice was uniformly applied to each and every member of the

19 CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be

20 adjudicated on a class-wide basis.

21    40.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

22 under California law by:

23    (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay

24    PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

25    CLASS the correct overtime pay for which DEFENDANT is liable

26    pursuant to Cal. Lab. Code § 1194 & § 1198;

27    (b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

28

20

accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks; and,

(d)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee;

(e)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

41.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

CLASS ACTION COMPLAINT
EXHIBIT  A
PAGE 35

1         (b)      Nearly all factual, legal, statutory, declaratory and injunctive relief issues

2                          that are raised in this Complaint are common to the CALIFORNIA

3                          LABOR SUB-CLASS and will apply uniformly to every member of the

4                          CALIFORNIA LABOR SUB-CLASS;

5         (c)      The claims of the representative PLAINTIFF are typical of the claims of

6                          each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

7                          like all the other members of the CALIFORNIA LABOR SUB-CLASS,

8                          was a non-exempt employee paid on an hourly basis and paid additional

9                          non-discretionary incentive wages who was subjected to the

10                          DEFENDANT's practice and policy which failed to pay the correct rate

11                          of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for

12                          all overtime worked.  PLAINTIFF sustained economic injury as a result

13                          of DEFENDANT's employment practices. PLAINTIFF and the members

14                          of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

15                          identically harmed by the same unlawful, deceptive, unfair and pervasive

16                          pattern of misconduct engaged in by DEFENDANT; and,

17         (d)      The representative PLAINTIFF will fairly and adequately represent and

18                          protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

19                          retained counsel who are competent and experienced in Class Action

20                          litigation.  There are no material conflicts between the claims of the

21                          representative PLAINTIFF and the members of the CALIFORNIA

22                          LABOR SUB-CLASS that would make class certification inappropriate.

23                          Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

24                          assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

25    42.    In addition to meeting the statutory prerequisites to a Class Action, this action is

26 properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

27         (a)      Without class certification and determination of declaratory, injunctive,

28

CLASS ACTION COMPLAINT

statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2) Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-

CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative

24

1    litigation that is likely to result in the absence of certification of

2    this action pursuant to Cal. Code of Civ. Proc. § 382.

3    43.    This Court should permit this action to be maintained as a Class Action pursuant

4    to Cal. Code of Civ. Proc. § 382 because:

5    (a)    The questions of law and fact common to the CALIFORNIA LABOR

6           SUB-CLASS predominate over any question affecting only individual

7           CALIFORNIA LABOR SUB-CLASS Members;

8    (b)    A Class Action is superior to any other available method for the fair and

9           efficient adjudication of the claims of the members of the CALIFORNIA

10          LABOR SUB-CLASS because in the context of employment litigation a

11          substantial number of individual CALIFORNIA LABOR SUB-CLASS

12          Members will avoid asserting their rights individually out of fear of

13          retaliation or adverse impact on their employment;

14   (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

15          numerous that it is impractical to bring all members of the CALIFORNIA

16          LABOR SUB-CLASS before the Court;

17   (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

18          Members, will not be able to obtain effective and economic legal redress

19          unless the action is maintained as a Class Action;

20   (e)    There is a community of interest in obtaining appropriate legal and

21          equitable relief for the acts of unfair competition, statutory violations and

22          other improprieties, and in obtaining adequate compensation for the

23          damages and injuries which DEFENDANT's actions have inflicted upon

24          the CALIFORNIA LABOR SUB-CLASS;

25   (f)    There is a community of interest in ensuring that the combined assets of

26          DEFENDANT are sufficient to adequately compensate the members of

27          the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

28

25

CLASS ACTION COMPLAINT

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.


**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

44.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

45.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

46.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

26

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

47.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802, The Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

48.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

49.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, minimum and overtime wages for all time worked, failed to accurately to record the applicable rate of all overtime worked, failed to pay reporting time wages owed, failed to reimburse necessary business expenses incurred, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*,

and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

50. By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

51. By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

52. Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

53. PLAINTIFF further demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

54. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all overtime worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

55. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

CLASS ACTION COMPLAINT

1  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

2      56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

3  and do, seek such relief as may be necessary to restore to them the money and property which

4  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

5  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

6  unfair business practices, including earned but unpaid wages for all overtime worked.

7      57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

8  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

9  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

10  engaging in any unlawful and unfair business practices in the future.

11      58.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

12  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

13  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

14  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

15  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

16  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

17  engage in these unlawful and unfair business practices.

18

19                     **SECOND CAUSE OF ACTION**

20               **For Failure To Pay Overtime Compensation**

21                **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

22        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

23                            **Defendants)**

24      59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

25  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

26  of this Complaint.

27      60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

28
                                    29

bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

61.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

62.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

63.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

64.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

65.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

CLASS ACTION COMPLAINT

result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

66.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

67.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

68.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, the PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

69.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

70.     DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194

& 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

71. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

72. DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

73. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

74. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof,

CLASS ACTION COMPLAINT

EXHIBIT A

PAGE 46

interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

**THIRD CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

75. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

76. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum and reporting time wages to PLAINTIFF and CALIFORNIA CLASS Members.

77. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78. Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

33

1  commission is the minimum wage to be paid to employees, and the payment of a less wage than

2  the minimum so fixed in unlawful.

3      79.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

4  including minimum wage compensation and interest thereon, together with the costs of suit.

5      80.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

6  the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

7  amount of time they work.  As set forth herein, DEFENDANT's uniform policy and practice

8  was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the

9  other members of the CALIFORNIA LABOR SUB-CLASS.

10     81.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

11 without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

12 result of implementing a uniform policy and practice that denies accurate compensation to

13 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to

14 minimum wage pay.

15     82.    In committing these violations of the California Labor Code, DEFENDANT

16 inaccurately calculated the correct time worked and consequently underpaid the actual time

17 worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

18 DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

19 benefits in violation of the California Labor Code, the Industrial Welfare Commission

20 requirements and other applicable laws and regulations.

21     83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

22 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

23 receive the correct minimum wage compensation for their time worked for DEFENDANT.

24     84.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

25 other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

26 they were entitled to, constituting a failure to pay all earned wages.

27     85.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

28

compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

86.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

87.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

88.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

1  under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
2  CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein
3  was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA
4  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

5

6                          **FOURTH CAUSE OF ACTION**
7                    **For Failure to Provide Required Meal Periods**
8                        **[Cal. Lab. Code §§ 226.7 & 512 ]**
9        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
10                                   **Defendants)**

11         89.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
12  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
13  of this Complaint.

14         90.    During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT
15  failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other
16  CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and
17  Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR
18  SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their
19  duties for the legally required off-duty meal periods. As a result of their rigorous work
20  schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from
21  time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally,
22  DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS
23  Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced
24  by DEFENDANT's business records. Further, DEFENDANT failed to provide PLAINTIFF
25  and CALIFORNIA LABOR SUB-CLASS Members with a second off-duty meal period from
26  time to time in which these employees were required by DEFENDANT to work ten (10) hours
27  of work. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-
28

CLASS ACTION COMPLAINT

EXHIBIT  A

PAGE 50

1  CLASS therefore forfeited meal breaks without additional compensation and in accordance with

2  DEFENDANT's strict corporate policy and practice.

3      91.      DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

4  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

5  CLASS Members who were not provided a meal period, in accordance with the applicable

6  Wage Order, one additional hour of compensation at each employee's regular rate of pay for

7  each workday that a meal period was not provided.

8      92.      As a proximate result of the aforementioned violations, PLAINTIFF and

9  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

10  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

11  suit.

12

13                              **FIFTH CAUSE OF ACTION**

14                        **For Failure to Provide Required Rest Periods**

15                           **[Cal. Lab. Code §§ 226.7 & 512 ]**

16              **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

17                                      **Defendants)**

18      93.      PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

19  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

20  of this Complaint.

21      94.      PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

22  time to time required to work in excess of four (4) hours without being provided ten (10) minute

23  rest periods.  Further, these employees were denied their first rest periods of at least ten (10)

24  minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest

25  period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours,

26  and a first, second and third rest period of at least ten (10) minutes for some shifts worked of

27  ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA LABOR SUB-

28

                                        37

CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

95. DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

96. As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

97. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98. Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under

38

1  subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

2  Commission,

3  (3) the number of piecerate units earned and any applicable piece rate if the employee

4  is paid on a piece-rate basis,

5  (4) all deductions, provided that all deductions made on written orders of the employee

6  may be aggregated and shown as one item,

7  (5) net wages earned,

8  (6) the inclusive dates of the period for which the employee is paid,

9  (7) the name of the employee and his or her social security number, except that by

10  January 1, 2008, only the last four digits of his or her social security number or an

11  employee identification number other than a social security number may be shown on

12  the itemized statement,

13  (8) the name and address of the legal entity that is the employer, and

14  (9) all applicable hourly rates in effect during the pay period and the corresponding

15  number of hours worked at each hourly rate by the employee.

16  99.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the

17  other members of the CALIFORNIA CLASS with complete and accurate wage statements

18  which failed to show, among other things, the correct gross and net wages earned and correct

19  amount of time worked.  Cal. Lab. Code § 226 provides that every employer shall furnish each

20  of his or her employees with an accurate itemized wage statement in writing showing, among

21  other things, gross wages earned and all applicable hourly rates in effect during the pay period

22  and the corresponding amount of time worked at each hourly rate.  Aside, from the violations

23  listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage

24  statement that lists all the requirements under California Labor Code 226 *et seq*. As a result,

25  DEFENDANT from time to time provided PLAINTIFF and the other members of the

26  CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

27  100.   DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

28

CLASS ACTION COMPLAINT

1  Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

2  CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

3  expended calculating the correct rates for the overtime worked and the amount of employment

4  taxes which were not properly paid to state and federal tax authorities.  These damages are

5  difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA

6  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

7  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

8  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

9  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

10  PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

11

12  **SEVENTH CAUSE OF ACTION**

13  **For Failure to Reimburse Employees for Required Expenses**

14  **[Cal. Lab. Code § 2802]**

15  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

16  **Defendants)**

17  101.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

18  reallege and incorporate by this reference, as though fully set forth herein, the prior

19  paragraphs of this Complaint.

20  102.    Cal. Lab. Code § 2802 provides, in relevant part, that:

21  An employer shall indemnify his or her employee for all necessary expenditures
    or losses incurred by the employee in direct consequence of the discharge of his
22  or her duties, or of his or her obedience to the directions of the employer, even
    though unlawful, unless the employee, at the time of obeying the directions,
23  believed them to be unlawful.

24  103.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

25  failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

26  members for required expenses incurred in the discharge of their job duties for DEFENDANT's

27  benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

28  
                                              40

CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT. Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones in order to perform work related job tasks. DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

104. PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

**EIGHTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

105. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

106. Cal. Lab. Code § 200 provides that:

As used in this article:

41

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

107.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

108.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

109.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

110.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

111.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law.

112.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

    A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C) An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B) Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C) Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

    D) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

43

| | |
|---|---|
| 1 | period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and |
| 2 | an award of costs for violation of Cal. Lab. Code § 226; |
| 3 | E) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA |
| 4 | LABOR SUBCLASS incurred in the course of their job duties, plus interest, and |
| 5 | costs of suit; |
| 6 | F) For liquidated damages pursuant to California Labor Code Sections 1194.2 and |
| 7 | 1197; and, |
| 8 | G) The wages of all terminated employees from the CALIFORNIA LABOR SUB- |
| 9 | CLASS as a penalty from the due date thereof at the same rate until paid or until |
| 10 | an action therefore is commenced, in accordance with Cal. Lab. Code § 203. |
| 11 | 3. On all claims: |
| 12 | A) An award of interest, including prejudgment interest at the legal rate; |
| 13 | B) Such other and further relief as the Court deems just and equitable; and, |
| 14 | C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, |
| 15 | including, but not limited to, pursuant to Labor Code §226, §1194 and/or §2802. |
| 16 | |
| 17 | Dated: January 28, 2020        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP |
| 18 | |
| 19 | |
| 20 | By: _____ Norman B. Blumenthal Attorneys for Plaintiff |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

44

CLASS ACTION COMPLAINT

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.


Dated: January 28, 2020             BLUMENTHAL NORDREHAUG BHOWMIK
                                    DE BLOUW LLP


                                    By: _____
                                         Norman B. Blumenthal
                                         Attorneys for Plaintiff

**EXHIBIT   B**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/26/2020** at 08:00:00 AM

Clerk of the Superior Court
By Erika Engel,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOYAL SOURCE GOVERNMENT SERVICES LLC, a Limited
Liability Company, and Does 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ISMAEL ORTEGA, on behalf of the State of California, as a private
attorney general,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
Central
330 W. Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2020-00015529-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal     (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE:   05/27/2020
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)*       E. Engel       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  LOYAL SOURCE GOVERNMENT SERVICES LLC

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT   C

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Norman Blumenthal (Bar # 68687)<br>Kyle Nordrehaug (Bar # 205975)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223 FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Ismael Ortega | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/26/2020** at 08:00:00 AM<br><br>Clerk of the Superior Court<br>By Erika Engel,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: CENTRAL

CASE NAME:
ISMAEL ORTEGA v. LOYAL SOURCE GOVERNMENT SERVICES LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2020-00015529-CU-OE-CTL<br><br>JUDGE: Judge Eddie C Sturgeon<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 10, 2020

Norman Blumenthal ▶ /s/ Norman Blumenthal
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

EXHIBIT C
PAGE 61

**EXHIBIT  D**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S): | Ismael Ortega |
| DEFENDANT(S) / RESPONDENT(S): | Loyal Source Government Services LLC |

ORTEGA VS LOYAL SOURCE GOVERNMENT SERVICES LLC [IMAGED]

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2020-00015529-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Eddie C Sturgeon    Department: C-67

**COMPLAINT/PETITION FILED:** 05/26/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/06/2020 | 10:30 am | C-67 | Eddie C Sturgeon |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

**EXHIBIT   E**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:  330 West Broadway

MAILING ADDRESS:  330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827

BRANCH NAME:  Central

PLAINTIFF(S):  Ismael Ortega

DEFENDANT(S): Loyal Source Government Services LLC

SHORT TITLE:  ORTEGA VS LOYAL SOURCE GOVERNMENT SERVICES LLC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2020-00015529-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                                              Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                ☐  Non-binding private arbitration

☐  Mediation (private)                               ☐  Binding private arbitration

☐  Voluntary settlement conference (private)     ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                    ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____

Name of Plaintiff                                              Name of Defendant

_____                    _____

Signature                                                      Signature

_____                    _____

Name of Plaintiff's Attorney                              Name of Defendant's Attorney

_____                    _____

Signature                                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  05/27/2020

_____
JUDGE OF THE SUPERIOR COURT

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

EXHIBIT  E

PAGE 63



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2020-00015529-CU-OE-CTL     CASE TITLE: Ortega vs Loyal Source Government Services LLC [IMAGED

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
       **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
       **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
       **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not |
| • Saves money |   resolve the dispute |
| • Gives parties more control over the dispute | • Procedures to learn about the other side's case (discovery), |
|   resolution process and outcome |   jury trial, appeal, and other court protections may be limited |
| • Preserves or improves relationships |   or unavailable |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT E
PAGE 64

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
*   In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at <u>www.ncrconline.com</u> or (619) 238-2400.
*   In North San Diego County, contact North County Lifeline, Inc. at <u>www.nclifeline.org</u> or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT  E

PAGE 65